## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

NOEL PERKINS, et al.,

        Plaintiffs,

        v.

S & E FLAG CARS, LLC, et al.,

        Defendants.

Case No. 2:15-cv-975
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion to Dismiss [ECF No. 52] filed by Defendants Ray Braden and Megan Braden. For the following reasons, the Court **DENIES** that Motion [ECF No. 52].

### I.

Plaintiffs Noel Perkins, Charles Ware, Elnore Witt, Jennifer Martin, Jonathan Martin, and other similarly situated individuals allege that they worked as escort drivers for Defendants S & E Flag Cars, LLC; Flag Cars R Us, LLC; I & B Flag Cars, Inc.; Ellen Ishmael; Ray Braden; and Megan Braden. (Second Am. Compl. ¶ 2 [ECF No. 42].) Plaintiffs allege that they were paid a fixed daily rate and that this rate did not include additional overtime compensation for the hours they worked in excess of forty (40) per week. (*Id.*) For this alleged failure to pay overtime, Plaintiffs have sued Defendants for the willful violation of (1) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., (2) the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, and (3) the Ohio Prompt Pay Act, O.R.C. § 4113.15. (Second Am. Compl. ¶ 1.) Plaintiffs bring these claims individually and collectively. (*Id.* ¶¶ 115–143.)

Defendants Ray Braden and Megan Braden ("the Bradens")—alleged corporate officers of Defendant I & B Flag Cars, Inc. ("I & B")—have moved to dismiss these claims.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Such an action will be dismissed where "there is no law to support the claims made" or where "the facts alleged are insufficient to state a claim." *Stew Farm, Ltd. v. Natural Res. Conservation Serv.*, No. 2:12-cv-299, 2013 WL 4517825, at *3 (S.D. Ohio Aug. 26, 2013) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). Federal Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this standard, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly*). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's well-pleaded factual allegations as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

Courts usually cannot consider matters outside of the pleadings when deciding a motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). There are several exceptions, however, to this general rule. As relevant here, a court deciding a motion to dismiss may consider, in addition to the pleadings, "items appearing in the record of the case." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

2

A.    **FLSA and Ohio Wage Act Claims**

The Bradens insist that they cannot be held liable under the FLSA and the Ohio Wage Act because (i) Plaintiffs have failed to allege sufficient facts to pierce I & B's corporate veil and (ii) the Bradens are not Plaintiffs' "employer" under the FLSA and the Ohio Wage Act. (*See* Mot. to Dismiss at 4–9 [ECF No. 52].)

Claims brought under § 4111.03(A) of the Ohio Wage Act are governed by the same standards as the FLSA. O.R.C. § 4111.03(A) ("An employer shall pay an employee . . . in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the [FLSA] . . . ."); *Roufail v. SNS Cleveland LLC*, No. 1:13-cv-1849, 2014 WL 356506, at *2 n.1 (N.D. Ohio Jan. 31, 2014) (deciding whether individual defendants were employers under the FLSA and the Ohio Wage Act on a motion to dismiss and stating that "[t]he FLSA and the [Ohio Wage Act] may be considered together under federal law because the Ohio statute expressly incorporates the standards and principles found in the FLSA"). Accordingly, the Court addresses the challenges to Plaintiffs' FLSA and Ohio Wage Act claims together.

The FLSA defines "[e]mployer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This is a broad definition. But as the Sixth Circuit has recognized, "'[t]he remedial purposes of the FLSA require the courts to define "employer" more broadly than the term would be interpreted in traditional common law applications.'" *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991) (quoting *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989)). Under this broad definition, several people may simultaneously be considered employers under the FLSA. *Id.* "'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly

3

and severally liable under the FLSA for unpaid wages." *Id.* (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "To be classified as an employer, it is not required that a party have exclusive control of a corporation's day-to-day functions. The party need only have 'operational control of significant aspects of the corporation's day to day functions'" *Id.* at 966 (emphasis deleted) (quoting *Donovan*, 712 F.2d at 1514). "Whether a party is an employer within the meaning of the FLSA is a legal determination." *Id.* at 965.

The Court finds no merit in the Bradens' veil piercing argument. Given that the FLSA and the Ohio Wage Act hold certain individuals directly liable as employers (including, allegedly, the Bradens), Plaintiffs have no need to pursue the Bradens' liability indirectly through an alter ego or veil piercing theory. Consequently, Plaintiffs' failure to allege a veil piercing theory is of no moment regarding the sufficiency of Plaintiffs' FLSA and Ohio Wage Act allegations.

For their second argument, the Bradens contend that the Second Amended Complaint contains insufficient allegations for the Court to plausibly infer that the Bradens are Plaintiffs' employer under the FLSA and the Ohio Wage Act. (*See* Mot. to Dismiss at 5–9 [ECF No. 52].) And, more specifically, the Bradens assert that there are insufficient allegations for the Court to plausibly infer that the Bradens had control over significant aspects of I & B's day-to-day functions. (*See id.* at 6–9.)

Plaintiffs have alleged that the Bradens are officers of I & B, that the Bradens jointly employed Plaintiffs along with I & B and the other Defendants, and that the Bradens are responsible for I & B's day-to-day operation and management. (Second Am. Compl. ¶¶ 39–42, 44–47 [ECF No. 42].) The Bradens suggest that the allegations regarding their day-to-day control over I & B's operation and management are false. (*See* Mot. to Dismiss at 7–8 ("None of

4

the plaintiffs can allege, without violating Rule 11, that Defendant Megan Braden had significant day-to-day functions, that she had any involvement in hiring or firing, in directing work, or in any of the daily operations of I & B Flag Cars.").) The Court, however, does not weigh conflicting factual assertions when deciding a motion to dismiss under Rule 12(b)(6). *See Grindstaff*, 133 F.3d at 421. The Court accepts all of Plaintiffs' well-pleaded factual allegations as true. *See id.* And from those well-pleaded factual allegations, the Court can plausibly infer that the Bradens were corporate officers of I & B, had operational control over significant aspects of the corporation's day-to-day functions, and were, thus, Plaintiffs' employer. *Cf. Dole*, 942 F.2d at 965–66.

Ray Braden's affidavit—attached as an exhibit to Plaintiffs' Motion for Leave to File a Second Amended Complaint [ECF No. 40]—supports Plaintiffs' allegations and reinforces the Court's determination. In his affidavit, Ray Braden acknowledges that he assists his wife, Megan Braden, "in the operation of I & B Flag Cars, Inc.," that he is "responsible for day-to-day operation and management of I & B," and that he is "solely responsible for the engagement of independent contractors who provide driver escort services to I & B." (Ray Braden Aff. at PageID 232 [ECF No. 40-3].)

Plaintiffs, in sum, have plausibly alleged that the Bradens are their employer. The Bradens' Motion to Dismiss Plaintiffs' FLSA and Ohio Wage Act claims is, therefore, denied.

**B.      Ohio Prompt Pay Act Claim**

The Bradens do not explicitly reference the Ohio Prompt Pay Act claim in their Motion to Dismiss. (*See generally* Mot. to Dismiss [ECF No. 52].) They appear to move for the claim's dismissal, though, under their veil piercing argument. (*See id.* at 4–6.) That is, the Bradens

contend that the Prompt Pay Act claim fails because Plaintiffs have not alleged sufficient facts to pierce I & B's corporate veil as to that claim. (*See id.*)

Under the Ohio Prompt Pay Act, "[e]very *individual*, firm, partnership, association, or corporation doing business in this state shall . . . pay all its employees the wages earned by them" no less often than twice per month. O.R.C. § 4113.15(A) (emphasis added). The Ohio Prompt Pay Act establishes direct liability for "individual[s]" who employ people. *See id.* And here, Plaintiffs allege that the Bradens jointly employed them along with I & B and the other Defendants. (Second Am. Compl. ¶¶ 40–42, 45–47 [ECF No. 42].) Thus, as with the FLSA and Ohio Wage Act claims, because Plaintiffs can pursue their Prompt Pay Act claim against the Bradens directly, Plaintiffs have no need to pursue the claim indirectly under a veil piercing theory directed at I & B. Whether Plaintiffs have properly alleged a veil piercing theory is irrelevant here to Plaintiffs' ability to plead a plausible claim under the Prompt Pay Act.

To clarify, in holding that Plaintiffs can sue the Bradens directly under the Ohio Prompt Pay Act, the Court is not suggesting that the FLSA case law surrounding corporate officer liability (i.e., that an officer with operational control of a corporation is jointly and severally liable with the corporation for unpaid wages) applies equally to the Ohio Prompt Pay Act. Plaintiffs can sue the Bradens directly because they have alleged that they were jointly employed by the Bradens. (*See* Second Am. Compl. ¶¶ 40–42, 45–47.) These allegations are sufficient in the context of a motion to dismiss. However, Plaintiffs' Prompt Pay Act claim against the Bradens will fail on a motion for summary judgment if Plaintiffs are unable to produce evidence from which a reasonable jury could conclude that the Bradens are Plaintiffs' employer. If Plaintiffs are unable to make that showing, they would have to pursue their Prompt Pay Act claim against only the entity, or entities (including I & B, perhaps), that actually employed them.

*See Jones v. Select Indus. Corp.*, No. 3:04-cv-152, 2006 WL 1705201, at *6 (S.D. Ohio June 16, 2006) (stating that the Ohio Prompt Pay Act "generally requires all *employers* to pay employees" their wages no less often than twice per month (emphasis added)).

### III.

For these reasons, the Court **DENIES** the Bradens' Motion to Dismiss [ECF No. 52].

**IT IS SO ORDERED.**

_3-22-2017_
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**